<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PLACIDA MARTE,

       **Plaintiff,**

v.

LIMITED BRANDS, et al.,

       **Defendants.**

Civil Action No. 13-139 (FSH)

OPINION

**PRESENTLY** before the Court is a Motion to Amend by Plaintiff, Placida Marte, seeking leave to amend her Complaint to re-plead a claim for punitive damages and to join Global Tech Industries, Inc. ("Global Tech"), as Defendant.  *See* Docket Entry No. 19. Defendants, Bath & Body Works, LLC, and Slatkin & Co. ("Defendants"), oppose the motion, arguing that the new contentions fail to raise a claim for punitive damages and that the amendments are unduly delayed and unfairly prejudicial.  *See* Defendants' Opposition ("Opp.") at Docket Entry No. 21.  The Court hears this motion without oral argument, pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, Plaintiff's Motion to Amend is granted in part and denied in part.

    **I.**    **Background**[1]

The underlying case is a products liability action concerning a candle that exploded and severely burned Plaintiff.  *See* Plaintiff's First Amended Complaint ("FAC").  On or about July 12, 2012, Plaintiff lit a three-wick, 14.5 ounce candle in a glass jar container, bearing the Slatkin & Co. name, sold by Bath & Body Works.  FAC ¶¶13-15.  She placed it on a shelf in the

---

[1] For purposes of this motion only, the Court takes the facts alleged in the proposed First Amended Complaint as true. *Travelers Indem. Co., v. Dammann & Co.*, 592 F. Supp.2d 752, 763 (D.N.J. 2008).

bathroom before taking a shower. *Id.* ¶16. At one point, Plaintiff left the room but returned when the fire alarm sounded. *Id.* ¶18. Upon entering the bathroom, Plaintiff witnessed that "the flame of the candle had enlarged and extended a large distance above the glass jar of the candle, appearing like a torch, with the flame and smoke searing against the walls and nearly to the ceiling." *Id.* Plaintiff attempted to extinguish the flame by picking up the candle and moving it to the sink. *Id.* ¶19. En route, the glass jar broke. *Id.* Plaintiff was exposed to the flame of the candle and hot wax spilled on her torso and arms. *Id.* ¶¶20-21. She suffered third-degree burns, requiring immediate and continuing medical attention. *Id.* ¶¶22-25.

Plaintiff filed this action for strict liability and negligence against Defendants on December 10, 2012, in New Jersey State Court, alleging that the candle was defectively made and/or designed and that Defendants failed to warn about the danger of the product. *See* Docket Entry No. 1. Defendants removed the action to this Court on or about January 8, 2013. *Id.*

On January 18, 2013, Defendants filed a Motion to Dismiss. *See* Docket Entry No. 5. Among other relief sought, Defendant requested an Order dismissing Plaintiff's claims for punitive damages for failure to state a claim.[2] Plaintiff opposed the motion, arguing, *inter alia*, that she sufficiently alleged that Defendants knew or should have known of the nature of the product, and in support, attached printouts from a consumer complaint internet database about several of Defendants' candles. *See* Plaintiff's Brief in Opposition re 5 Motion to Dismiss, Docket Entry No. 11.

The Court granted Defendants' motion and dismissed the punitive damages claims. *See* Order, dated July 2, 2013, Docket Entry No. 13. The Court rejected as insufficient Plaintiff's

---

[2] Defendants' Motion to Dismiss sought an Order dismissing 1) Limited Brands, LLC, the parent company of Bath & Body Works; 2) Count IV for breach of implied warranty of merchantability under the UCC; 3) Count V for negligent marketing and distribution; and 4) Plaintiff's claims for punitive and treble damages. *See* Docket Entry No. 5. The Court granted Defendant's Motion and dismissed Limited Brands and the requested claims.

general allegations that Defendants knew or should have known of the dangerousness of the product. *Id.* at 6 (finding that "[u]nder the [New Jersey Punitive Damages] Act, punitive damages may be awarded only if the plaintiff shows actual malice or wanton and willful disregard of persons by the defendant. N.J.S.A. 2A:15-5.12. The Complaint contains no such allegations."). The Court also rejected Plaintiff's annexation of the consumer reports, stating that "[e]ven if these additional allegations were sufficient to state a claim for punitive damages, as Defendants properly point out, a complaint may not be amended through briefing." *Id.*

On September 24, 2013, the Court entered a scheduling order setting forth various pretrial and discovery dates, including a December 13, 2013, deadline to file any motions to amend. *See* Docket Entry No. 17. On December 13, 2013, Plaintiff filed an Amended Complaint. *See* Docket Entry No. 18. The Court informed Plaintiff that either a consent order or a motion would be necessary, and Plaintiff filed the instant Motion to Amend on December 17, 2013. *See* Docket Entry No. 19.

The proposed amendments consist of a new party, additional facts, and a claim for punitive damages. Plaintiff seeks to add Global Tech, the manufacturer of the candle, who was identified during initial disclosures. Plaintiff's Brief in Support of the Motion ("Pl.'s Br.") at 2. To support the re-pled punitive damages claim, Plaintiff also seeks to add new facts. *Id.* at 6. Specifically, she seeks to reference 10 consumer complaints found on a government website, www.saferproducts.gov. *Id.* at 2 & 6; Reply at 5.

Of the 10 complaints, four relate to the same type of product and incident, a 14.5 ounce glass jar candle that broke when lit. *See* FAC ¶¶31, 36, 48 & 50. Two occurred prior to Plaintiff's incident and two after. *Id.* The remaining six reports were dated prior to Plaintiff's injury and involve candles burning through their containers. *See id.* ¶¶32, 34, 38, 40, 42 & 44.

Plaintiff further states that a Slatkin and/or Bath & Body Works representative commented on each complaint that the products were tested and met safety standards. *See id.* ¶¶ 31, 33, 35, 37, 39, 41, 43, 45. 49 & 51. The representative frequently requested follow-up information from the consumer. *See, e.g.*, *id.* ¶31.

In light of the reports, Plaintiff alleges that "Defendants explicitly were on actual notice of the issues inherent in the candle that burned Plaintiff." FAC ¶52. "Despite knowing this, as per paragraph 28 to 51 [in the FAC], Defendants nevertheless continued, and to this very day, continue to manufacture, market and sell these defective candles despite the known issues with the candles. And Defendants, and each of them, did so in wanton and reckless disregard of consumer's safety and well-being." *Id.* ¶53. As a result, Plaintiff claims that Defendants' "acts and/or omissions causing Plaintiff's injuries were done with actual malice and/or were accompanied by a wanton and willful disregard of consumers such as Plaintiff who foreseeably might be harmed by those acts or omissions." *Id.* ¶28.

## II.  Statement of Law

### a.  Motion to Amend

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend the pleadings is generally freely granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182.

Delay alone is insufficient grounds to deny an amendment. *Cornell and Co., Inc. v. Occupational Safety and Health Review Commission*, 573 F.2d 820, 823 (3d Cir. 2001).

However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould*, 739 F.2d 858, 868 (3d Cir. 1984). A court may deny a motion to amend if the moving party cannot satisfactorily explain its delay. *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)(citing *Leased Optical Dept. v. Opti-Center, Inc.*, 120 F.R.D. 476, 478 (D.N.J. 1988)).

Prejudice "is the touchstone for the denial of an amendment," and a finding of unfair or substantial prejudice is sufficient ground for denial. *Cornell and Co., Inc.*, 573 F.2d at 823; *Lorenz v. CSX Corporation*, 1 F.3d 1406, 1414 (3d Cir. 1993). In evaluating the extent of any alleged prejudice, the court looks to the hardship on the non-moving party if the amendment were granted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton*, 252 F.3d at 273.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage*, 133 F.R.D. at 468 (internal quotation marks and citations omitted). The court uses "the same standard of legal sufficiency" as a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

When faced with a motion to dismiss for failure to state a claim, the court conducts a two-step analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual elements from the legal elements of the claim. *Id.* at 210-11. The court must accept the factual elements alleged in the well-pleaded complaint as true, but may disregard any legal conclusions. *Id.*

5

Second, the court must decide if the facts alleged are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009)). A plausible claim is one which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1948). "Ultimately, this two-part analysis is 'context specific' and requires the court to draw on 'its judicial experience and common sense' to determine if the facts pled in the complaint have 'nudged [plaintiff's] claims' over the line from '[merely] conceivable or [possible] to plausible.'" *Hobson v St. Luke's Hospital and Health Network*, 735 F. Supp. 2d 206, 211 (E.D. Pa. 2010) (quoting *Fowler*, 578 F.3d at 211).

### b. Punitive Damages

A party seeking punitive damages must prove, by clear and convincing evidence, "that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those act or omissions." N.J.S.A. 2A:15-5.12(a). Actual malice requires "an intentional wrongdoing in the sense of an evil-minded act." N.J.S.A. 2A:15-5.10. Wanton and willful disregard is "a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." *Id.*

The standard for punitive damages cannot be satisfied by negligence or even gross negligence. N.J.S.A. 2A:15-5.12(a); *see also Pavlova v. Mint Management Corp.*, 375 N.J. Super. 397, 405 (App. Div. 2005). Instead, the plaintiff must demonstrate that "the defendant knew or had reason to know of the circumstances which would bring home to the ordinary reasonable person the highly dangerous character of his or her conduct." *See Pavlova*, 375 N.J.

Super. at 405.  Courts look for "the circumstances of aggravation or outrage, which may consist of such a conscious and deliberate disregard of the interests of others."  *See Dong v. Alape*, 361 N.J. Super. 106, 116 (App. Div. 2003); *see, e.g., Smith v. Whitaker*, 160 N.J. 221, 247 (1999) (upholding punitive damages in a fatal motor vehicle accident suit where the defendant allowed an inexperienced driver to operate a tanker-truck with known brake problems).

In determining the appropriateness of punitive damages, the trier of fact considers a list of factors, including but not limited to:

> (1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct;
>
> (2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct;
>
> (3) The conduct of the defendant upon learning that its initial conduct would likely cause harm; and
>
> (4) The duration of the conduct or any concealment of it by the defendant.

N.J.S.A. 2A:15-5.12(b).  The application of punitive damages, however, is strict, and is limited to "exceptional cases."  *See Pavlova,* 375 N.J. Super. at 405; *Plasencia v. Orgill, Inc.*, 2012 WL 819063 at *4 (D.N.J. Mar. 9, 2012).  The purpose of the penalty is not to compensate the plaintiff for his or her injuries, but to punish the defendant and to deter others from similar behavior.  *See DiGiovanni v. Pessel*, 55 N.J. 188, 190 (1970).

### III. Analysis

#### a. Futility

Plaintiff argues she has sufficiently pled punitive damages.  First, the consumer reports demonstrate the danger of the products as well as Defendants' awareness of that danger.  Pl.'s Br. at 6.  Second, the complaints show a disregard for the consumer: Defendants asked for

7

additional information then failed to take action, as evidenced by the fact that complaints continued to be filed after Plaintiff's accident. *Id.* at 2 & 6. Finally, the reports show Defendants' continued willingness to sell the product, despite the danger, to Plaintiff and other unsuspecting consumers. *See id.*; Reply at 5.

Additionally, Plaintiff argues that dismissal of the punitive damages claim is premature because it is early in the case and discovery is ongoing. Reply at 6. In contrast, the cases cited by Defendants where punitive damages claims were dismissed had reached the summary judgment phase, after fact and expert discovery was completed. Reply at 6-7. Thus, Plaintiff argues that she should be allowed the chance to develop the record on Defendants' response to the consumer complaints. Reply at 5-7.

Defendants contest Plaintiff's reliance on the internet printouts. *See* Opp. The majority of the reports were for other Slatkin candles; only two incidents dealt with same product that occurred before Plaintiff's accident. Opp. at 7. Additionally, the complaints show that Defendants did respond to the reports and attempted to follow up. *Id.* Moreover, under the case law, knowledge of a similar event is insufficient to award punitive damages. Opp. at 8 (citing *Pavlova*, 375 N.J. Super. 397; *Hatala v. Morey's Pier, Inc.*, 2007 WL 2159615 (D.N.J. 2007)).

The Court finds that Plaintiff has not pled sufficient facts to support a claim for punitive damages. In the first instance, nowhere except paragraph 28 of the FAC, does Plaintiff allege Defendants act with "actual malice" nor does Plaintiff even raise the specter of any "evil-minded" acts.[3] Instead, the majority of Plaintiff's claims are geared towards wanton and willful disregard – that Defendants were aware of the dangers and ignored them, continuing to sell a hazardous product. However, the complaints themselves show that Defendants responded to

---

[3] Paragraph 28 of the FAC: "Further, Defendants (sic) acts and/or omission causing Plaintiff's injuries were done with actual malice and/or were accompanied by a wanton and willful disregard of consumers such as Plaintiff who foreseeably might be harmed by those acts or omissions."

complaints and asked for more information. What is missing from Plaintiff's FAC is the element of egregious disregard for the safety of others. This is not to say that a party may simply acknowledge a complaint and be forever protected from punitive damages. Merely, the Court finds that as pled, Plaintiff alleges no set of facts through which the Court may infer the level of callousness necessary for punitive damages. Thus, the Court finds Plaintiff's proposed amendment for punitive damages futile.

### b. Prejudice and Delay

Defendant also argues that Plaintiff's motion is unduly delayed and unfairly prejudicial as Plaintiff could have brought each of the proposed amendments at an earlier time. The delay in seeking leave to amend "raised an issue as to the continued maintenance and availability of information necessary to the defense of the matter." Opp. at 4.

As explained above, the Court denies Plaintiff leave to add punitive damages, and thus, the only remaining amendment is that of the proposed new party. Defendants make one mention of Global Tech, stating that in addition to the new claims, adding a new party at this stage is unduly delayed. Plaintiff argues in contrast that Global Tech was not identified until initial disclosures in December, 2013, shortly before Plaintiff filed her FAC.

Plaintiff filed her propose FAC on December 13, 2013, the date set by the Court for amendments, and motion papers four day later. Furthermore, Global Tech was not discovered until December, 2013. Accordingly, the Court finds there is no undue delay or unfair prejudice in joining Global Tech at this stage, and grants Plaintiff leave to amend to add Defendant Global Tech.

## IV. Conclusion

As explained above, the Court finds Plaintiff's request to re-plead a claim for punitive damages is futile and is therefore denied.  The Court however, finds Plaintiff's request to add the new party is not unduly delayed or unfairly prejudicial.  The Court therefore grants Plaintiff's request to add Defendant Global Tech.  For the reasons stated above, Plaintiff's Motion to Amend is granted in part and denied in part.  An appropriate Order shall follow.

Dated: March 18, 2014

s/ James B. Clark
**JAMES B. CLARK, III**
**United States Magistrate Judge**